# IN THE UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF MINNESOTA

| | |
|---|---|
| BEMIS COMPANY, INC., ) <br> ) <br> Plaintiff, ) <br> ) <br> v. ) <br> ) <br> ROCKWELL SOLUTIONS LIMITED, ) <br> ) <br> Defendant. ) <br> ) | **COMPLAINT** <br> **AND JURY DEMAND** <br><br> Case No. |

## COMPLAINT FOR DECLARATORY RELIEF

Plaintiff Bemis Company, Inc. ("Bemis") brings this action for declaratory judgment of patent non-infringement and invalidity against Defendant Rockwell Solutions Limited ("Rockwell"). Bemis alleges as follows:

## PARTIES AND JURISDICTION

1. Bemis is a company organized and existing under the laws of the state of Missouri, with its principal place of business at One Neenah Center, 4th Floor P.O. Box 669, Neenah, Wisconsin 54957-0669. Bemis has locations throughout the United States, including in this judicial district. Bemis has been a leader in the food packaging industry for over 150 years and is a global supplier of flexible packaging and pressure sensitive packaging materials.

2. Upon information and belief, Rockwell is a Scottish privately-held company with its principal place of business at Brunel Road, Dundee DD2 4TG, Scotland, United Kingdom.

3. This action arises under the United States patent laws, 35 U.S.C. § 101 et seq., and under the Declaratory Judgment Act, 28 U.S.C. §§ 2201 and 2202. This Court has subject matter jurisdiction pursuant to 35 U.S.C. §§ 271 and 281, and 28 U.S.C. §§ 1331 and 1338.

4. An actual justiciable controversy exists under the Declaratory Judgment Act with respect to the alleged infringement and validity of U.S. Patent No. 7,381,453 ("the '453 Patent" or "the Patent in Suit," attached hereto as Exhibit A). Rockwell has brought suit in the Eastern District of Texas against General Mills Sales, Inc. ("GM"), which has its principal place of business in this judicial district. Rockwell alleges in its Complaint that the packaging of several of GM's products, which was developed, manufactured and sold by Bemis, infringes the Patent in Suit. Rockwell further alleges in its Complaint that third parties, including GM's affiliates, agents, and retailers, have infringed the Patent in Suit by using, selling, and/or offering for sale products with the accused packaging. GM has demanded that Bemis defend and indemnify GM in that action. Bemis has agreed. Rockwell's assertion of infringement against GM and the packaging manufactured by Bemis is at least an implicit assertion of infringement against Bemis.

5. This Court has personal jurisdiction over Rockwell because Rockwell has purposefully directed its enforcement activities at a resident of this forum by filing a lawsuit against GM and alleging that packaging sold to GM by Bemis infringes the claims of the '453 Patent. The injury caused by these activities is felt in this judicial district because it affects GM's ability to continue purchasing the packaging from Bemis and selling products to end customers. This declaratory judgment claim arises out of those activities. Additionally, upon information and belief, Rockwell does business within this state and within this judicial district.

6. Venue is proper in this judicial district pursuant to 28 U.S.C. §§ 1391(b) and (c) because a substantial part of the events and actions giving rise to the claims occurred in this

jurisdiction and because Rockwell or its agents are subject to personal jurisdiction in this jurisdiction.

## FACTS

7. On March 5, 2014, Rockwell filed a Complaint (attached hereto as Exhibit B) in the Eastern District of Texas asserting that GM infringes the '453 Patent, which is directed to packaging films, by making, using, selling, or offering for sale infringing products, including Green Giant Valley Fresh Steamers®. In its Complaint, Rockwell also alleges that third parties, including GM's affiliates, agents, and retailers have infringed the Patent in Suit by using, selling, and/or offering for sale products with the accused packaging. (Ex. B at ¶ 13)

8. Since on or about September 24, 2010, Bemis has been the exclusive supplier of the packaging (*e.g.*, Magic Steam™ II) of the GM products accused by Rockwell, including Green Giant Valley Fresh Steamers®.

9. The Patent in Suit was issued nearly six years ago after a lengthy and difficult prosecution, which included a number of narrowing amendments, and was purportedly assigned to Rockwell in January 2014.

10. Bemis has not and does not directly, indirectly, or jointly infringe the '453 Patent, either literally or under the doctrine of equivalents. Further, the '453 Patent is invalid and/or unenforceable.

11. Consequently, there is an actual case or controversy between the parties over the non-infringement and invalidity of the '453 Patent.

## COUNT I

### Declaration of Non-Infringement of U.S. Patent No. 7,381,453

12.　Bemis restates and realleges paragraphs 1 through 11 of this Complaint as though fully set forth herein.

13.　There is an actual, substantial, and continuing justiciable controversy between Bemis and Rockwell regarding infringement of the claims of the '453 Patent. Absent a declaration of non-infringement, Rockwell will continue to wrongfully assert the '453 Patent against Bemis, its customers, and its products and/or services, and thereby cause Bemis irreparable injury and damage.

14.　Bemis does not directly, indirectly, or jointly infringe, literally or under the doctrine of equivalents, any valid, enforceable claim of the '453 Patent.

15.　The claims of the '453 Patent are directed to packaging films comprising a number of limitations, including a carrier layer impermeable to gases and fluids, a perforated seal layer, which may be heat sealed, and a heat seal layer that releases when heated to a predetermined temperature, or packaging articles containing the claimed films.

16.　The Bemis packaging does not infringe any claim of the '453 Patent, at least because (1) the Bemis packaging has no carrier layer that is impermeable to gases and fluids; and (2) the Bemis packaging does not have a heat seal layer.

17.　A judicial determination and declaration of the respective rights and duties of the parties in this regard are necessary and appropriate at this time so that the parties may ascertain their respective rights and duties.

## COUNT II

### Declaration of Invalidity of U.S. Patent No. 7,381,453

18.     Bemis restates and realleges paragraphs 1 through 17 of this Complaint as though fully set forth herein.

19.     There is an actual, substantial, and continuing justiciable controversy between Bemis and Rockwell regarding the validity of the claims of the '453 Patent. Absent a declaration of invalidity, Rockwell will continue to wrongfully assert the '453 Patent against Bemis, its customers, and its products and/or services, and thereby cause Bemis irreparable injury and damage.

20.     The claims of the '453 Patent are invalid for failure to satisfy the requirements of Title 35 of the United States Code, including, without limitation, one or more of 35 U.S.C. §§ 102, 103, and 112.

21.     At the very least, certain prior art anticipates and/or makes obvious the '453 Patent, thus invalidating the patent under 35 U.S.C. §§ 102 and 103. For example, the '453 Patent is not valid over EP 0 53 176 A1 ("EP '176," attached hereto as Exhibit C), alone or in view of U.S. Patent No. 3,432,087 ("the '087 Patent," attached hereto as Exhibit D).

22.     The claims of the '453 Patent are directed to packaging films comprising a number of limitations, including a carrier layer impermeable to gases and fluids, a perforated seal layer, which may be heat sealed, and a heat seal layer that releases when heated to a predetermined temperature, or packaging articles containing the claimed films. EP '176 teaches these limitations in the manner claimed as novel in the '453 Patent. Further, the '087 Patent teaches a number of the claimed limitations, including the use of a heat seal layer that releases when heated to a predetermined temperature.

23. Additionally, certain claims of the '453 Patent are invalid as failing to comply with the requirements of 35 U.S.C. § 112. For example, although Rockwell distinguished its claims over the prior art based in part on the heat seal layer, claim 1 does not clearly identify the presence of that layer. Thus the reference to the "heat seal" is indefinite, insolubly ambiguous, and lacking antecedent basis.

24. A judicial determination and declaration of the respective rights and duties of the parties in this regard are necessary and appropriate at this time so that the parties may ascertain their respective rights and duties.

## PRAYER FOR RELIEF

WHEREFORE, Bemis requests that judgment be granted in its favor and against Defendant and that this Court award it at least the following relief:

(a) A declaration that Bemis has not infringed and does not infringe any claim of the '453 Patent;

(b) A declaration that the claims of the '453 Patent are invalid;

(c) A permanent injunction enjoining Rockwell, its successors and assigns, and anyone acting in concert therewith or on its behalf, from attempting to enforce the '453 Patent, against Bemis or any parents, affiliates, or subsidiaries of Bemis or their respective officers, agents, customers, employees, successors, and assigns;

(d) A finding that this case is exceptional and an award of Bemis' costs and expenses, including reasonable attorneys' fees, in accordance with the provisions of 35 U.S.C. §285 or other statutes; and

(e) An award of any other relief, in law and in equity, to which the Court finds Bemis is justly entitled.

## JURY DEMAND

Bemis hereby demands a trial by jury on all issues as to which trial by jury is appropriate.

March 18, 2014

s/Frederick R. Juckniess
Frederick R. Juckniess
Stephen M. Hankins (Application for Pro Hac Vice Pending)
Thomas M. Crispi (Application for Pro Hac Vice Pending)
A. Taylor Corbitt (Application for Pro Hac Vice Pending)
**SCHIFF HARDIN LLP**
233 South Wacker Drive, Suite 6600
Chicago, IL 60606
Telephone: (312) 258-5500
Facsimile: (312) 258-5600
fjuckniess@schiffhardin.com

*ATTORNEYS FOR PLAINTIFF*
*BEMIS COMPANY, INC.*

23004-3497

AA\200085289.1